[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12069
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00252-WS-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER BRYANT GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 18, 2014)

Before MARCUS, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Christopher Bryant Gibson appeals his 96-month sentence, imposed after pleading guilty to one count of violating 18 U.S.C. § 2113(a) by committing bank robbery. At sentencing, the district court applied a six-level enhancement under U.S.S.G. § 3A1.2(c)(1) for assaulting a law enforcement officer during the course of the offense or the immediate flight therefrom. On appeal, Gibson argues that: (1) the district court erred in applying the six-level increase because his altercation with the police officer occurred the day after the robbery; and (2) this error was not harmless because it resulted in a substantively unreasonable sentence. After thorough review, we affirm.

We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Wright, 607 F.3d 708, 711 (11th Cir. 2010). We will affirm a sentence based on harmless error if we know that the district court would have imposed the same sentence regardless of its ruling on a guidelines issue, and the sentence is reasonable even if that issue was decided in the defendant's favor. United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). The defendant has the burden of establishing the unreasonableness of the sentence had the district court decided the guidelines issue in the defendant's favor. See id. at 1350. When reviewing a sentence for reasonableness, we ask "whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

2

The Sentencing Guidelines provide that a defendant is subject to a six-level increase if he assaulted a law enforcement officer "during the course of the offense or immediate flight therefrom" in a way that created a substantial risk of serious bodily injury. U.S.S.G. § 3A1.2(c)(1). In Dougherty v. United States, we held that a district court erred in applying a § 3A1.2(c)(1) enhancement to a law enforcement assault committed eight days after the defendants' bank robbery, but while the defendants were still fleeing from police and trying to evade capture. 754 F.3d 1353, 1359 (11th Cir. 2014). We held that applying the enhancement to an assault occurring eight days after and thousands of miles away from the offense was inconsistent with the "during immediate flight" requirement as the ordinary meaning of "immediate" includes definitions such as "occurring without delay," "instant," and "accomplished without loss of time." Id.

We consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). In imposing a sentence, a district court considers the factors listed in 18 U.S.C. § 3553(a).[1] "A district court

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

abuses its discretion and imposes a substantively unreasonable sentence when it fails to afford consideration to relevant [§ 3353(a)] factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted). But "we will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). Juvenile convictions not similar to the conviction and too remote to use in calculating the defendant's criminal history category can be properly considered by the district court in its consideration of the 3553(a) factors. United States v. Jones, 289 F.3d 1260, 1267 (11th Cir. 2002).

Here, the district court erred in applying the six-level enhancement under U.S.S.G. § 3A1.2(c)(1) because the assault on the police officer did not occur during "immediate flight." Gibson's altercation with the police officer did not occur instantly, "without delay," or "without loss of time." See Dougherty, 754 F.3d at 1359. As the record reveals, Gibson was arrested at a hotel the day after the robbery, interviewed at a FBI office, and then transported to a local police station, at which point he faked an illness and, after being taken to the hospital,

4

attacked the officer guarding him.  He tried to wrestle away the officer's gun while yelling death threats and breaking the officer's thumb in the process.  Thus, Gibson's assault was not "immediate," as enough time had passed that Gibson was able to spend the night at a hotel, be interviewed by the FBI, and be transferred to the local police department.

Had the district court ruled in Gibson's favor on the guidelines issue, the presentence investigation report would have yielded an advisory guideline range of 46 to 57 months' imprisonment.  See U.S.S.G. Ch. 5, pt. A.  Nonetheless, its error in ruling against Gibson on the guidelines issue was harmless because the district court indicated that it would have imposed the same sentence without the six-level increase.  Furthermore, even without the increase, the ultimate sentence was substantively reasonable.  As the record shows, the 39-month upward variance, though substantial, accomplished the needs for the sentence to reflect the seriousness of the offense, reflect the nature and circumstances of the offense, take into account the defendant's history and characteristics, and protect the public.  Moreover, the district court properly considered Gibson's dangerous conduct and consistent criminal history even though these facts were not reflected in the guidelines range. Indeed, Gibson not only robbed a bank during which he made a death threat but engaged in an altercation with a police officer following his arrest that placed himself, the officer, and others in danger.  He actively attempted to get

5

the officer's gun and threatened to kill him during the assault. In addition, Gibson's criminal history category of I did not adequately reflect the 17 convictions he received as a juvenile and an adult. His criminal history and escalation to the instant crime of violence invoke the need to consider the public safety aspect of his sentence.

In short, because Gibson's resulting 96-month sentence was "within the range of reasonable sentences dictated by the facts of the case," the district court committed harmless error when it applied a six-level enhancement under U.S.S.G. § 3A1.2(c)(1). Accordingly, the court did not clearly abuse its discretion in sentencing Gibson by an upward variance of 39 months from the top end of the appropriate guidelines range.

**AFFIRMED**.

6